UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ALBERT L. PEIA | : | |
| Plaintiff, | : | CIVIL ACTION NO. |
| v. | : | 08-cv-1584 (JCH) |
| | : | |
| RICHARD M. COAN, ET AL. | : | MARCH 24, 2009 |
| Defendants. | : | |

**RULING RE: DEFENDANT'S MOTION TO DISMISS (DOC. NO. 5) AND PLAINTIFF'S MOTION FOR ENTRY OF JUDGMENT (DOC. NO. 7)**

I.   INTRODUCTION

Plaintiff, Albert Peia, brings this action pro se against defendants, Richard Coan, the law firm of Coan, Lewendon, Gulliver, & Miltenberger LLC ("the Coan Firm"), two unnamed "John Doe" insurance companies, and eight unnamed "John Doe" co-conspirators.  In his Complaint, Peia alleges violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 et seq., negligence, breach of contract, and breach of fiduciary duty.  On November 21, 2008, Coan and the Coan Firm moved to dismiss the suit for lack of subject-matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1).  On November 25, 2008, Peia filed a Motion for Entry of Judgment on the Pleadings and for Criminal Referral (Doc. No. 7).  For the following reasons, the defendants' Motion to Dismiss is granted.  Accordingly, plaintiff's Motion for Entry of Judgment on the Pleadings and for Criminal Referral is denied as moot.

II.   STANDARD OF REVIEW

In deciding a motion to dismiss, the court accepts the allegations of the Complaint as true and construes them in a manner favorable to the pleader.  Hoover v. Ronwin, 466 U.S. 558, 587 (1984); Grandon v. Merrill Lynch & Co., 147 F.3d 184, 188

(2d Cir. 1998). The court must draw all reasonable inferences in the plaintiff's favor. See, e.g., Lunney v. United States, 319 F.3d 550, 554 (2d Cir. 2003) (internal citations omitted) (discussing Rule 12(b)(1) motion to dismiss).

A case is properly dismissed for lack of subject-matter jurisdiction under Fed. R. Civ. P. 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it. Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000). In assessing a motion to dismiss for lack of subject-matter jurisdiction, the court "accept[s] as true all material factual allegations in the complaint." Shipping Fin. Serv. Corp. v. Drakos, 140 F.3d 129, 131 (2d Cir. 1998) (citing Scheuer, 416 U.S. at 236). The court, however, refrains from "drawing from the pleadings inferences favorable to the party asserting [jurisdiction]." Id. (citing Norton v. Larney, 266 U.S. 511, 515 (1925)). On a motion to dismiss pursuant to Rule 12(b)(1), the plaintiff must establish by a preponderance of the evidence that the court has subject-matter jurisdiction over the complaint. Makarova, 201 F.3d at 113; see also Malik v. Meissner, 82 F.3d 560, 562 (2d Cir. 1996); In re Joint E. & So. Dist. Asbestos Litig., 14 F.3d 726, 730 (2d Cir. 1993). Courts evaluating Rule 12(b)(1) motions "may resolve the disputed jurisdictional fact issues by reference to evidence outside the pleadings, such as affidavits." Zappia Middle East Constr. Co. Ltd. v. Emirate of Abu Dhabi, 215 F.3d 247, 253 (2d Cir. 2000).

### III. BACKGROUND

The following facts, taken from Peia's Complaint, are accepted by the court as true for the present purposes. The United Stated Bankruptcy Court for the District of Connecticut appointed Coan to be the trustee of Peia's bankruptcy estate in

(2d Cir. 1998). The court must draw all reasonable inferences in the plaintiff's favor. See, e.g., Lunney v. United States, 319 F.3d 550, 554 (2d Cir. 2003) (internal citations omitted) (discussing Rule 12(b)(1) motion to dismiss).

A case is properly dismissed for lack of subject-matter jurisdiction under Fed. R. Civ. P. 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it. Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000). In assessing a motion to dismiss for lack of subject-matter jurisdiction, the court "accept[s] as true all material factual allegations in the complaint." Shipping Fin. Serv. Corp. v. Drakos, 140 F.3d 129, 131 (2d Cir. 1998) (citing Scheuer, 416 U.S. at 236). The court, however, refrains from "drawing from the pleadings inferences favorable to the party asserting [jurisdiction]." Id. (citing Norton v. Larney, 266 U.S. 511, 515 (1925)). On a motion to dismiss pursuant to Rule 12(b)(1), the plaintiff must establish by a preponderance of the evidence that the court has subject-matter jurisdiction over the complaint. Makarova, 201 F.3d at 113; see also Malik v. Meissner, 82 F.3d 560, 562 (2d Cir. 1996); In re Joint E. & So. Dist. Asbestos Litig., 14 F.3d 726, 730 (2d Cir. 1993). Courts evaluating Rule 12(b)(1) motions "may resolve the disputed jurisdictional fact issues by reference to evidence outside the pleadings, such as affidavits." Zappia Middle East Constr. Co. Ltd. v. Emirate of Abu Dhabi, 215 F.3d 247, 253 (2d Cir. 2000).

**III.    BACKGROUND**

The following facts, taken from Peia's Complaint, are accepted by the court as true for the present purposes. The United Stated Bankruptcy Court for the District of Connecticut appointed Coan to be the trustee of Peia's bankruptcy estate in

proceedings that began around 1996. The Coan Firm has its principal place of business in Connecticut and rendered legal services to Coan in his capacity as bankruptcy trustee. At all times, Coan and the Coan Firm were acting within the scope of their authority as bankruptcy trustee and counsel to the trustee.

Coan, the Coan Firm, and the unnamed "John Doe" insurance companies and defendants engaged in a conspiracy to defraud Peia's estate and creditors that also included several federal judges, Assistant United States Attorneys, and federal officials, who were not named as defendants in this case. Peia contends that the conspirators falsified official information, obstructed justice, retaliated against witnesses, laundered money, engaged in bribery, conspired to defraud Peia, and engaged in deceitful racketeering activities, all with the intent of injuring Peia's property and business. The alleged RICO conspiracy spanned several states, including Connecticut, New Jersey, Virginia, and California.

Specifically, Coan and the Coan Firm used their positions as bankruptcy trustee and counsel to the trustee to further the conspiracy, and thus, in addition to their other violations, they breached their fiduciary duties and acted negligently. As a result, Peia's estate and the creditors of his estate suffered damages.

**IV.   ANALYSIS**

    A.    <u>Barton Doctrine</u>

The Complaint filed in this case is, in all relevant aspects, identical to that filed by Peia in <u>Peia v. Coan</u>, No. 05-cv-1029, 2006 U.S. Dist. LEXIS 12811 (D. Conn. Mar. 23, 2006). In that case, the court dismissed Peia's Complaint under the <u>Barton</u> Doctrine, the well settled principle that when an individual sues a trustee for acts taken in the

trustee's capacity as an officer of the court, the individual must first obtain leave of the court that appointed the trustee.  See Barton v. Barbour, 104 U.S. 126 (1881); Lebovits v. Scheffel (In re Lehal Realty Assocs.), 101 F.3d 272 (2d Cir. 1996).

In dismissing that case, the court noted that, "Peia is well aware of the requirement to seek leave of the Bankruptcy Court before filing his claims against Coan and the Coan Firm."  Peia v. Coan, No. 05-cv-1029, 2006 U.S. Dist. LEXIS 12811 (D. Conn. Mar. 23, 2006).  "Substantially similar claims filed by Peia were [previously] dismissed under the Barton Doctrine, and that dismissal was affirmed by the Second Circuit."  Id. (citing Peia v. United States Bankr. Courts, 152 F. Supp. 2d 226 (D. Conn. 2001), aff'd, 62 Fed. Appx. 394 (2d Cir. 2003)).  Given that the Complaint in this case is essentially identical to that in Peia v. Coan, No. 05-cv-1029, 2006 U.S. Dist. LEXIS 12811 (D. Conn. Mar. 23, 2006), the court finds no reason to deviate from the previous holding.  Accordingly, defendant's Motion to Dismiss (Doc. No. 5) is granted, and plaintiff's Motion for Entry of Judgment on the Pleadings and for Criminal Referral (Doc. No. 7) is denied as moot.

B.   Warning of Injunction

Peia has now filed at least four complaints in this court based on substantially similar claims.[1]  "If a litigant has a history of filing vexatious, harassing or duplicative lawsuits, courts may impose sanctions, including restrictions on future access to the judicial system."  Hong Mai Sa v. Doe, 406 F.3d 155, 158 (2d Cir. 2005) (internal

---

[1] See Peia v. United States of America, 152 F. Supp. 226 (D. Conn. 2001), aff'd, 62 Fed. Appx. 394 (2d Cir. 2003); Peia v. Coan, 3:05cv00657 (MRK); Peia v. Coan, 2006 U.S. Dist. LEXIS 12811 (D. Conn. Mar. 23, 2006); Peia v. Coan, 3:08cv01584 (JCH).

4

quotations and citations omitted). Peia is cautioned that, because his repeated filings relate to similar facts and issues, all of which have resulted in dismissal or withdrawal of the suit, further filings of any complaint, petition, or proceeding alleging claims substantially similar to those in the current Complaint, without prior approval of the Bankruptcy Court, may result in the issuance of an order prohibiting him from filing any future lawsuits in this court without first obtaining leave of the court.

Peia is further advised that he must annex a copy of this Ruling to any complaint, petition, or pleading he seeks to file in the United States District Court for the District of Connecticut henceforth. A failure to abide by any of the terms of this Ruling could result in the imposition of sanctions.

## V.   CONCLUSION

For the reasons stated herein, defendants' Motion to Dismiss (Doc. No. 5) is **GRANTED**, and plaintiff's Motion for Judgment on the Pleadings and for Criminal Referral (Doc. No. 7) is **DENIED** as moot. Further, although it has been over 120 days since plaintiff filed his Complaint, he has not served the unnamed "John Doe" defendants. Plaintiff shall serve the unnamed "John Doe" defendants by April 14, 2009 or the claims against them will be dismissed and the case closed. See Fed. R. Civ. P. 4(m).

**SO ORDERED.**

Dated at Bridgeport, Connecticut this 24th day of March, 2009.

      /s/ Janet C. Hall
    Janet C. Hall
    United States District Judge